MANDATE

18-1286
*In re Ferrellgas Partners, L.P., Sec. Litig.*

N.Y.S.D. Case #
16-cv-7840(RJS)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 15 2019

---

IN RE: FERRELLGAS PARTNERS, L.P., SECURITIES LITIGATION

---

SUSAN BATAI, JOEL BRENNER, TRUSTEE FOR THE JOEL BRENNER MPP PLAN & TRUST, KEVIN GABERLAVAGE, LAZY DOGS PARTNERSHIP LLLP,

*Plaintiffs-Appellants*,

JONATHAN HANSEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, JAMES A. MASSIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, THOMAS BABCOCK, INDIVIDUALLY, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs*,

1

MANDATE ISSUED ON 05/15/2019

v.                                                                                    No. 18-1286

FERRELLGAS PARTNERS, L.P., FERRELLGAS, INC.,
STEPHEN L. WAMBOLD, ALAN C. HEITMANN, JULIO
E. RIOS, II,

    *Defendants-Appellees*,

J. RYAN VANWINKLE,

    *Consolidated-Defendant*.

| | |
|---|---|
| Appearing for *Plaintiffs-Appellants*: | JOHNSTON DE F. WHITMAN, JR. (Kimberly A. Justice, Joshua A. Materese, *on the brief*), Kessler Topaz Meltzer & Check, LLP, Radnor, PA. |
| Appearing for *Defendants-Appellees*: | MELISSA ARBUS SHERRY (Miles N. Ruthberg, Jamie L. Wine, Thomas Giblin, Latham & Watkins LLP, New York NY, Samir Deger-Sen, Latham & Watkins LLP, Washington, DC, *on the brief*), Latham & Watkins LLP, Washington DC. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 30, 2018, is **AFFIRMED**.

Plaintiffs-Appellants Susan Batai, Joel Brenner, Kevin Gaberlavage, and Lazy Dogs Partnership LLLP ("Plaintiffs") appeal from the judgment of the district court in favor of Defendants-Appellees Ferrellgas Partners, L.P., Ferrellgas, Inc., (together, "Ferrellgas"), Stephen L. Wambold, Alan C. Heitmann, and Julio E. Rios, II (collectively,

2

"Defendants"). Plaintiffs brought this putative class action claiming violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), as well as Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5. The district court granted Defendants' motion to dismiss for failure to state a claim, and this appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of a motion to dismiss. *Emps.' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 304 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Additionally, a complaint alleging securities fraud must satisfy the heighted pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Upon such review, we conclude that the district court properly dismissed Plaintiffs' claims because they fail adequately to allege any material misrepresentation or omission and further fail plausibly to allege scienter. Specifically, we agree with the district court that Plaintiffs' complaint suffers from a fatal defect: it assumes without sufficient supporting allegations that Defendants knew or should have known that a contractual counterparty would ultimately default on payments owed. *See In re Ferrellgas*

3

*Partners, L.P., Sec. Litig.*, No. 16-cv-7840, 2018 WL 2081859, at *10–17, 21 (S.D.N.Y. Mar. 30, 2018). For that reason, and substantially the reasons stated by the district court in its thorough and well-reasoned March 30, 2018 decision, we affirm. *See Id.*

We have considered Plaintiffs' remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4